. In the Matter of the Estate of PAULINA MILLARD, Deceased,
W. H. STILES, Executor, W. H. STILES, Appellant, v.
FLORA HUFFMIRE and JAMES W. MILLARD, Objectors and
Appellees.

**Continuance of cause:** ABSENT WITNESSES: SUFFICIENCY OF MOTION.
1  A motion for continuance on the ground of absent witnesses, which
fails to state that the facts proposed to be proved cannot be shown
by other witnesses, and contains no statement of facts proposed to
be proved as distinguished from mere conclusions, should
be overruled for want of compliance with the statute. And even
if the motion in this case had conformed to the statute the evidence
sought related to the reasonableness of an executors charges, purely
a matter of opinion and confined to the knowledge of no particular
persons, and for that reason the overruling of the motion was
within the fair discretion of the court and should not be disturbed.

**Same:** PENDENCY OF OTHER ACTION: CONTINUANCE: DISCRETION.
2  Where an executor voluntarily and without consideration assigned
claims of his own against beneficiaries of the estate, and the
assignee brought action and instituted garnishment proceedings
thereon against the executor purely for his benefit, the court in its
discretion properly refused to continue the hearing on the executors
final report because of such garnishment proceeding; especially
where it further appeared that the executor had funds sufficient to
pay the claims if valid, and that he was a borrower from one of
the beneficiaries in a sum greater than the amount of his claim.

*Appeal from Marion District Court.*—HON. W. H.
FAHEY, Judge.

SATURDAY, JUNE 7, 1913.

THIS is a probate proceeding involving the final report
of an executor. Objections thereto being filed, the executor
filed a motion for continuance for the purpose of taking depo-
sitions in support of his report, which motion was overruled.

The executor also filed a motion to withdraw his report on the ground that since filing the same he had been garnished. This motion was overruled. Trial was had and a final order entered fixing the amount due from the executor. Thereupon the executor appealed.—*Affirmed.*

*J. A. Dyer,* for appellant.

*W. H. Lyon,* for appellees.

EVANS, J.—The appellant bases his appeal solely upon the orders of the court overruling the motions for delay. He has set out no evidence in his abstract and disclaims intent to question any other ruling of the court than here indicated.

From so much of the record as is disclosed by the abstract and as amended by appellee, it appears that the appellant was a practicing attorney at Des Moines and was the duly appointed executor of the estate of Paulina

1. CONTINUANCE OF CAUSE: absent witness: sufficiency of motion.

Millard pending in Marion county. The beneficiaries of such estate were Flora Huffmire and James W. Millard. These filed objections to the final report and are the appellees herein. The sum total of the estate was somewhat less than $12,000. In his reports the executor charged against the estate a total of $760 as executor's compensation for himself. The only objections which are involved in this appeal were lodged against such charges as being exorbitant. A final report was filed in October, 1911. The term of court was due on December 4th. On November 29th the objectors filed their objections. On December 6th the executor was notified that the report would come on for hearing on December 8th. On December 11th the executor filed a motion for continuance. On December 13th he filed an amendment thereto. On the same day he filed a motion to withdraw his report because of an alleged garnishment. On December 11th the trial was begun before the court without a jury, and two or three witnesses were heard on

behalf of the objectors. Thereupon the hearing was adjourned until December 15th. The motion for continuance was based upon the ground of absent witnesses and the desire of the executor to take their depositions. The witnesses named were four attorneys in the city of Des Moines. The alleged purpose of their testimony was to prove the reasonableness of the charges of the executor against which complaint was made. Such motion for continuance and the affidavit in support thereof did not comply with the formal requirement of the statute. The executor made the affidavit in support of his motion. It contained no statement that the facts proposed to be proved could not be shown by other witnesses. It contained no statement of facts proposed to be proved, as distinguished from conclusions. As the proposed evidence was opinion evidence only, it is manifest that the executor was not confined to any particular persons for appropriate testimony of that character. The overruling of the motion was therefore strictly correct for want of compliance with the statute. Even if the motion had conformed with the statute, the ruling was within the fair discretion of the trial court. No abuse of discretion is shown. The executor was present and testified upon the trial, but his testimony is not contained in the abstract.

As to the motion for delay because of the garnishment, this was filed either on December 13th or December 15th. It is made to appear by the evidence in the amended abstract that on December 6th one Daugherty received from the appellant assignments to himself of two alleged accounts for professional services, being one against each of the objectors, for about $190. Thereupon Daugherty brought action on these accounts and caused garnishment to be served upon the appellant. The assignments from appellant were purely voluntary and without any consideration, and Daugherty had no interest whatever therein. He was acting solely for the benefit of the appellant. Not only did the appellant have

2. SAME: final report of executor: hearing: continuance: discretion.

sufficient funds in his hands to pay these accounts if they were valid, but he had previously become a borrower from one of the objectors to the amount of $275, for which he had executed to her his note. The statement of these facts is a severe commentary. They furnish abundant reason in support of the discretion exercised by the court in refusing delay. We note also that in overruling the motion for continuance the trial court did so with the following provision: ''The motion is otherwise overruled, except that the executor will be given an opportunity to get the witnesses named in the application here from Des Moines at such a time as the court can hear the testimony of such witnesses.'' The proposed witnesses lived thirty-five or forty miles distant from the county seat. It does not appear that subpœnas were issued for them nor any attempt whatever made to procure their attendance.

In the final order made by the trial court, the appellant was ordered to pay the balance due from him in to the clerk of the district court of Polk county. Such order was made in protection of appellant's rights, if any, under the alleged garnishments. The trial court allowed a total compensation of $315. Appellant does not contend that the evidence actually introduced would justify a larger allowance.

The order of the trial court must be *Affirmed*.